DOHERTY et al. v. AMERICAN GAS & ELECTRIC CO. et al.

(Supreme Court, Appellate Division, First Department. June 20, 1912.)

REFORMATION OF INSTRUMENTS (§ 36*)—PLEADING—SUFFICIENCY.

Members of a syndicate, engaged in the promotion of a corporation to be organized, agreed that common stock should be issued pursuant to a voting trust agreement, for the term of five years, and that the members should have the option within that time of subscribing at par for stock to be issued. Contracts in writing, executed by the corporation December 21, 1906, after its organization, and on July 9, 1908, in terms gave such options until January 1, 1912. For some reason the agreement between the syndicate members was not reduced to writing and signed until March 1, 1907, and then provided a five-year term for the voting trust and the option. A complaint for reformation of the corporation contracts alleged that it was agreed "that the expiration of the trust agreement and the period during which plaintiffs were to have a right to subscribe for and purchase said stock were to be coterminous, each to endure for approximately five years, and each to terminate at the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time," and that "by accident or mistake, and merely as the result of convenience of procedure," the option agreement ran from January 1, 1907, and that its termination was "by accident, inadvertence, or mistake fixed at January 1, 1912." *Held*, that the allegations of the complaint were insufficient to warrant a court of equity in changing the dates of the corporate option contracts; the corporation having no concern with the agreement between the syndicate members, except so far as it subsequently adopted it, and having in fact given a five-year option to purchase the stock.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 141–146; Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by Henry L. Doherty and others, copartners, doing business under the firm name and style of Henry L. Doherty & Co., against the American Gas & Electric Company and another. From an interlocutory judgment sustaining a demurrer for insufficiency of the complaint, and from an order denying a temporary injunction, plaintiffs appeal. Judgment and order affirmed, with leave to plaintiffs to serve amended complaint on payment of costs in this court and in the court below.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John C. Tomlinson, of New York City, for appellants.
Graham Sumner, of New York City, for respondents.

MILLER, J. This appeal and the one from the order denying the motion for a temporary injunction, argued and decided herewith, we might decide on the opinion of Bischoff, J., at Special Term on denying the said motion, but for the reason that the same rules do not apply in construing a pleading as in determining whether the facts shown are sufficient to justify the granting of an injunction. Although it appears plain to us that the motion for the temporary injunction was properly denied, the question whether, tested by the rules applicable to the construction of a pleading, the complaint states a cause of action, is not so plain, and it may be well, therefore, to point out why we have reached the conclusion that the complaint does not state a cause of action.

The action is brought for the reformation of two written contracts, and for the specific performance of them as reformed. The first contract was made December 21, 1906, between the defendant Millikan as vendor, and the defendant the American Gas & Electric Company as vendee. By it, the vendor agreed to transfer certain property to the vendee, and the vendee agreed among other things to execute and deliver to the vendor an agreement in writing by which the latter should have an option until January 1, 1912, to purchase at par $1,000,000 of the authorized, but then unissued, common stock of the vendee. A second agreement was made July 9, 1908, between the same parties, and provided that the said Millikan should have said option until January 1, 1912. The plaintiffs ask that said agreements be reformed in two respects, namely, by substi-

tuting the names of the plaintiffs in place of the name of the defendant Millikan, and by changing the date from January 1, 1912, to March 1, 1912; and that the said agreements as reformed be specifically performed, and that the defendant corporation be enjoined from issuing said $1,000,000 of common stock to any other person or persons.

There is no difficulty on the first head, as the plaintiffs are entitled to exercise the option given to Millikan. But they did not attempt to exercise it prior to January 30, 1912, and the question is whether they are entitled to have the stipulated time extended to March 1, 1912.

The plaintiffs were members of a syndicate which acquired certain properties pursuant to an agreement by which the properties were to be transferred to a corporation to be organized, and it was agreed among the members of the syndicate, among other things, that the common stock to be issued, or enough to secure control, should be deposited pursuant to a voting trust agreement, the duration of which was to be five years, and that the plaintiffs should be given the option at any time within five years of subscribing at par for $1,000,000 of common stock, which was to be authorized but not issued at the time of the organization of the corporation. The complaint avers that it was also agreed:

"That the voting trust agreement and the period during which plaintiffs were to have the right to subscribe for and purchase said stock were to be coterminous, each to endure for approximately five years, and each to terminate at the same time."

One of the members of the syndicate attended to the carrying out of the plans of the syndicate, and, pursuant thereto, the defendant the American Gas & Electric Company was organized on the 21st day of December, 1906, with a capital stock of $7,000,000, $3,500,000 of preferred and $3,500,000 of common, only $2,500,000 of the common being immediately issued, and the agreement of December 21, 1906, between the defendant Millikan and the defendant corporation was made by the former as agent for said syndicate. The voting trust agreement to terminate five years thereafter, was made March 1, 1907. It is averred that the option agreement was "by accident or mistake and merely as the result of convenience of procedure" made to run from the 1st of January, 1907; that the date for the termination of it was "by accident, inadvertence, or mistake fixed at January 1, 1912."

Of course, the corporation was not bound by the agreement of its promoters, the syndicate members, except in so far as it adopted that agreement. It did give an option to Millikan, the plaintiffs' agent, running until January 1, 1912, which was more than five years. The corporation had nothing to do with the voting trust agreement. Either because of some delay in the issuance of stock or of delay on the part of stockholders after the stock had been issued, they did not happen to make that agreement until March 1, 1907, and, as its duration was for five years, it happened by a fortuitous circumstance that it did not expire until three months after the expiration of the op-

tion agreement. But the corporation was not responsible for that, and no facts are stated from which it can even be inferred that it ever agreed that the option agreement should not expire until the termination of some voting trust agreement, which its stockholders might at some time thereafter make, no matter when they got around to do it. The corporation gave an option for five years, and, as far as appears, that is all it ever agreed to do. Upon the facts stated, it might just as well be said that the voting trust agreement was by accident, inadvertence, or mistake not made until March 1, 1907, as that the date of January 1, 1912, in the option agreement was adopted by accident, inadvertence, or mistake. The plaintiff has carefully refrained from charging fraud, and we think that the bare allegation that the date for the expiration of an option agreement was fixed by accident, inadvertence, or mistake, in the absence of some fact in support of it, is insufficient to justify a court of equity in changing the date. The corporation agreed to give an option for five years. It did so. It did not agree that the option should not expire until March 1, 1912. On the contrary, it expressly agreed that it should expire January 1, 1912, and the court cannot make a different agreement for it upon the theory that, by fortuitous circumstances, another contract between other parties for a like period was not made until three months later. There would be as much basis for cutting off three months from the term of the voting trust agreement as there would be for extending the terms of the option by three months.

The interlocutory judgment should be affirmed, with costs, with leave to plaintiff to amend his complaint within 20 days on payment of costs. All concur.